# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HOSPICE CENTER OF** ) | |
| **SOUTHEASTERN OKLAHOMA, INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. CIV-10-401-RAW** |
| ) | |
| **KATHLEEN SEBELIUS, Secretary** ) | |
| **of the U.S. Department of Health and** ) | |
| **Human Services,** ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the court are various pending motions. This is one of a group of cases in which a Medicare-certified provider of hospice services seeks to pursue a legal challenge to the Secretary's determination that plaintiff exceeded the Medicare hospice cap.

Defendant has filed a motion to remand. She asks that this matter be remanded so that recalculation of the hospice cap determination may take place using the methodology set forth in CMS Ruling No. CMS-1335-R (April 14, 2011)[1]. CMS stands for Centers for Medicare & Medicaid Services. The Secretary contends that the application of this ruling will yield the same relief that plaintiff has sought in the instant civil action. Plaintiff objects to remand.

---

[1] The Secretary states that "CMS Rulings are decisions of the Administrator of CMS that serve as precedential final opinions and orders and statements of policy and interpretation." (Motion to Remand at 3 n.1).

The motion will be denied, principally because (as plaintiff notes) a remand on this ground might preclude plaintiff from seeking attorney fees. In an action for judicial review of agency action, a plaintiff as prevailing party is entitled to an award of fees unless the court finds that the position of the United States was substantially justified. *See* 28 U.S.C. §2412(d)(1)(A). Remanding before a judgment on the merits is rendered is not appropriate[2].

A copy of the CMS Ruling is attached to plaintiff's response to the motion to remand. The court has concerns about other aspects of the proposed remand as well. Defendant acknowledges that the CMS Ruling only applies to appeals pending before administrative appeals tribunals. (Motion to Remand at 4)(*See also* CMS Ruling at 1). Thus, by its terms, it does not apply to a hospice in plaintiff's position. Defendant states, however, that "the Secretary has determined to grant Plaintiff the same relief provided in CMS Ruling 1355-R". (Motion to Remand at 4). This *ad hoc* approach seems inconsistent with normal procedures. Moreover, it is unclear whether a CMS Administrator Ruling may set up a new standard without following the rule-making process required by the Administrative Procedure Act.

---

[2] Responding to this point, defendant states that plaintiff is "assum[ing] . . . that it would be entitled to an EAJA award . . . " and that "Plaintiff's assumptions about attorney's fees under the EAJA do not constitute a basis to oppose a remand that would give plaintiff the relief it has sought in its Complaint concerning the Medicare hospice cap." (Reply at 3 n.2) Defendant does not explain why a desire to preserve the opportunity to seek attorney fees is not a basis to oppose remand. Also, in a case of this type a plaintiff is entitled to seek both relief and an award of fees.

2

In another aspect of plaintiff's objection (now overtaken by events) it contends that the court should not remand pending a Tenth Circuit decision on the validity of the cap regulation in an appeal from a district court in New Mexico. In that case, the district court found the regulation invalid and the Secretary appealed. Recently, the government filed a motion to dismiss its appeal and the motion was granted by the appellate court. *See Hospice of New Mexico, LLC v. Sebelius,* 2011 WL 2474293 (10th Cir.2011). In its opinion, the Tenth Circuit observed that "HHS has thrown in the towel" as to the regulation and "has capitulated on the plain meaning of 42 U.S.C. §1395f(i)(2)." These observations are not reflected in the CMS Ruling. On the contrary, the CMS Ruling states that "CMS continues to believe that the methodology set forth in [the regulation] is consistent with the Medicare statute. . . . " (CMS Ruling at 7). Moreover, it states that the hospice cap determinations will continue to be made based upon the current regulation, unless the hospice provider files an administrative appeal. (*Id.* at 11). This court declines to implicitly endorse an administrative ruling which intends to continue using a regulation which courts have found invalid, and when a Tenth Circuit ruling as to validity has been avoided by appeal dismissal[3]. In any event, only the New Mexico appeal has been dismissed. The Tenth Circuit has not yet dismissed other appeals (including appeals from this court) regarding the hospice cap.

---

[3] In footnote 3 of its opinion, the Tenth Circuit states that HHS has published proposed revisions to the hospice cap regulation and is in the process of receiving public comment. A new regulation would obviate this aspect of the CMS Ruling.

3

Also before the court is the motion of the plaintiff to stay. Plaintiff asks that the defendant be forestalled from seeking repayment or collection of the underlying alleged overpayment pending a decision by the Tenth Circuit in the New Mexico appeal. As already stated, that appeal has been dismissed. In light of the fact that the court is declining to grant defendant's motion to remand, however, the motion to stay will be granted. This court has previously ruled in other litigation that the regulation is invalid, and thus defendant should not be allowed to seek any recovery at this time[4].

It is the order of the court that the motion of the defendant for remand (#20) is hereby DENIED. The motion of the plaintiff for stay (#22) is hereby GRANTED. Defendant is hereby forestalled from seeking collection of any alleged hospice cap Medicare overpayment from plaintiff until further order of this court. Inasmuch as the motion to stay has been granted, plaintiff's earlier motion for "standstill" (#8) is deemed moot.

The parties are directed to confer and to file on or before July 29, 2011 a joint status report on each party's view as to a proposed course of action for this litigation (e.g., whether the setting of a briefing schedule is necessary).

---

[4] The court is not granting a stay in the traditional sense of suspending this litigation as a whole. Rather, the motion is the functional equivalent of a motion for preliminary injunction. The court has previously granted a motion for "standstill" on similar reasoning, which is incorporated herein by reference. *See* Order #32 in Hospice Center of Southeastern Oklahoma, Inc. v. Sebelius, CIV-10-269-RAW (January 24, 2011).

4

**IT IS SO ORDERED** this 12th day of JULY, 2011.

**Dated this 12th day of July, 2011.**

                                                    Ronald A. White
                                                    United States District Judge
                                                    Eastern District of Oklahoma