IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| HOSPICE CENTER OF<br>SOUTHEASTERN OKLAHOMA, INC., | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Case No. CIV-10-401-RAW |
| KATHLEEN SEBELIUS, Secretary<br>of the U.S. Department of Health and<br>Human Services, | )<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## ORDER

Before the court is the motion of the plaintiff for award of attorneys' fees. On August 11, 2011, the court entered judgment in favor of plaintiff, setting aside the challenged hospice cap regulation. The 60-day period for appealing the judgment has expired and there is no dispute that the present application was timely filed on November 9, 2011.

"The Equal Access to Justice Act (EAJA) [28 U.S.C. §2412(d)(1)(A)] provides for the award of fees and expenses to the prevailing party in a civil action against the Federal Government, unless the position of the United States was substantially justified." *Harris v. R.R. Ret. Bd.*, 990 F.2d 519, 520 (10th Cir.1993). An agency position is substantially justified in this context if it is "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565 (1988).

Defendant objects to an award. First, the government notes that to qualify as a "party" (and thus to be a prevailing party) under the Act, a corporation's net worth must not exceed $7

1

million and did not have more than 500 employees at the time the action was filed. *See* 28 U.S.C. §2412(d)(2)(B). The government objects that plaintiff does not establish these requirements in its original motion. Conceding the point, plaintiff in its reply has provided a declaration from its Chief Financial Officer and a copy of plaintiff's balance sheet as of October 28, 2010. These documents indicate that plaintiff meets the statutory criteria at issue[*]. Defendant has not requested leave to file a surreply; based on the present record, the court concludes plaintiff qualifies as a prevailing party for purposes of the EAJA.

Defendant has not made an argument that its position was "substantially justified" under the Act. The government bears the burden of establishing its position was so justified. *See Al-Maleki v. Holder,* 558 F.3d 1200, 1207 (10th Cir.2009). Accordingly, this court makes the express finding that it was not substantially justified.

Finally, the defendant objects to the amount of fees sought. Plaintiff seeks a total award of $15,246.50, which represents attorney fees of $14,896.50 and court costs of $350.00. Under the EAJA, the amount of fees is "based upon prevailing market rates," but should not exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved justifies a higher fee." 28 U.S.C. §2412(d)(2)(A). Plaintiff argues that such an enhancement is appropriate here because "its attorneys possessed specialized skills in Medicare law required in the case." (Reply at 4).

The court finds this argument facially persuasive, but it appears the Tenth Circuit has foreclosed this line of reasoning. In *Chynoweth v. Sullivan,* 920 F.2d 648, 650 (10th Cir.1990), the

---

[*]The declaration refers to 28 U.S.C. §2412(b)(2)(B)(ii). The correct citation is 28 U.S.C. §2412(d)(2)(B)(ii).

2

court said that expertise in Social Security law did not automatically entitle counsel to the fee enhancement. The Second Circuit, citing *Chynoweth*, has made a similar ruling regarding Medicare law. *See Healey v. Leavitt,* 485 F.3d 63, 69-70 (2d Cir.2007). The court is not persuaded that plaintiff's counsel has shown "the legal services rendered require[d] specialized training and expertise unattainable by a competent attorney through a diligent study of the governing legal principles." *Chynoweth,* 902 F.2d at 650. Thus, the court declines to exceed the statutory rate.

Further, the court takes judicial notice that the office of General Counsel, Region VI of the Social Security Administration has provided hourly rates consistent with the yearly average CPI-U. The General Counsel has previously approved hourly rates of $179 per hour for 2011 and $175 per hour for 2010 in this region.

The pleadings indicate a total of 19.1 hours for 2010 and 35.0 hours for 2011, for a total of $9,607.50 for attorney fees and $350.00 for costs.

It is the order of the court that the motion of the plaintiff for award of attorneys' fees (#37) is hereby GRANTED in part as specified above.

**IT IS SO ORDERED** this 19th day of DECEMBER, 2011.

**Dated this 19th day of December, 2011.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma